## H. W. REYNOLDS, Executor, *v.* W. B. STILLE.

In a petitory action, it is incumbent on the defendant to exhibit the title under which he claims ownership; and an allegation made by the plaintiff, in a previous suit for the same cause of action, that the defendant claimed the ownership under a tax sale which the plaintiff charged to be an absolute nullity, will not be construed into an admission by the plaintiff, that he had been divested of his title.

The presumption *omnia rite acta* cannot be applied to a title not introduced in evidence; and, under such circumstances, the prescription of five years cannot be invoked to cure irregularities in the title.

APPEAL from the District Court of the Parish of Sabine, *Chaplin,* J. *J. W. B. Tucker,* for plaintiff. *B. Elam,* for defendant and appellant.

VOORHIES, J. The plaintiff traces his title to the land in controversy, through mesne conveyances, from the original grantees, *Anastasio Delasenda* and *Jose Estrado.* The agent of the grantees sold to *Parker & Œmichen,* on the 25th of March, 1837. *Parker's* heir, *Julia Ann Cammack,* through her agent, *H. Reynolds,* made a transfer to *D. D. Waterman,* whose succession is represented by his executor.

REYNOLDS
*v.*
STILLE.

The defendant, in his answer, avers that he holds the land in controversy under good and valid titles translative of property; and he interposes the plea of five years prescription.

On the trial of the cause, the defendant did not offer his title in evidence; and we would be left in the dark as to the nature of this title, which is vaguely set forth in the answer, were it not for some allegations of the plaintiff in a previous suit for the same cause of action.

In that petition, the plaintiff stated that the defendant claimed the ownership of the land by virtue of a pretended title,—a tax sale made by the tax collector, and which is charged to have been an absolute nullity. This cannot be construed into an admission, on the part of the plaintiff, that he has been divested of his title to the property; and it was incumbent on the defendant to exhibit the title under which he claims ownership. We cannot apply the presumption *omnia rite acta* to a title which is not introduced in evidence, and which is brought to our notice only by an allegation that it is a mere nullity.

The prescription of five years, set up by the defendant, is without foundation in this cause : the sale, the informalities and irregularities of which are thus attempted to be cured by lapse of time, is not in evidence.

Judgment affirmed.